IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL WOODALL                                                          PLAINTIFF

v.                          Civil No. 2:16-CV-02086-PKH-MEF

SGT. MILLER, et. al.                                                   DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed by the Plaintiff, Michael Woodall, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in the Arkansas Department of Correction (ADC), East Arkansas Regional Unit.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P. K. Holmes, III, Chief United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court are two Motions to Dismiss by Defendant Jane Doe Bobbie Kitchen Staff.  (Docs. 25, 39)  After careful consideration, the Court makes the following Report and Recommendation.

**I.    BACKGROUND**

Plaintiff filed his original Complaint on March 31, 2016, in the Eastern District of Arkansas. (Doc. 1)  It was transferred to this District on April 12, 2016.  (Doc. 3)  Plaintiff filed his Motion to Amend Complaint on January 17, 2017.  (Doc. 28)  Plaintiff's Motion to Amend was granted on April 10, 2017, allowing Sergeant Dumas to be added as a Defendant in the case. (Doc. 42) Plaintiff alleges failure to protect and denial of medical care claims arising out of alleged incidents which occurred in late 2015 and early 2016, while he was incarcerated in the Sebastian

County Detention Center (SCDC).

Service was ordered on all Defendants in the original Complaint at the Sebastian County Detention Center (SCDC). Summons on Jane Doe Bobbie Kitchen Staff was executed on November 1, 2016. (Doc. 15) Summons on Casey Bartholomew was returned unexecuted on November 2, 2016, indicating this Defendant was no longer employed by SCDC, but was now employed by Aramark. (Doc 16) Copies of the executed and unexecuted summons were mailed to Plaintiff on November 2, 2016.

Plaintiff filed a Motion for Default Judgment against Jane Doe Bobbie Kitchen Staff on December 12, 2016. (Doc. 22)

Aramark Correctional Services, LLC, which provides meals for SCDC, filed an Answer on behalf of Defendant Jane Doe Bobbie Kitchen Staff on December 23, 2016. This Answer stated counsel had recently learned of the case, but had not been properly served, as Defendant was presumably an employee of Aramark Correctional Services, LLC. (Doc. 23) Defendant filed a Motion to Dismiss on December 23, 2016 (Doc. 25), and on January 30, 2017 (Doc. 39), in response to the original and proposed Amended Complaints. Plaintiff filed a Response to the first motion on January 17, 2017. (Doc. 32) Plaintiff did not file a response to the second motion.

Plaintiff filed a Motion to Withdraw the Motion for Default Judgment against Defendant Jane Doe Bobbie Kitchen Staff on January 17, 2017. (Doc. 31) This motion was granted by Text Only Order entered on April 6, 2017.

## II. APPLICABLE LAW

Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III    DISCUSSION

Aramark Correctional Services, LLC, on behalf of Jane Doe Bobbie Kitchen Staff, argues Plaintiff's Complaint against her should be dismissed for two reasons: (1) service to Jane Doe Bobbie Kitchen Staff was improper, as it was sent to Sebastian County Detention Center, and although Aramark provides meals at SCDC, it has not identified this individual; and, (2) regardless of the identity of Jane Doe Bobbie Kitchen Staff, Aramark is not liable for the torts of third parties. (Docs. 25, 26, 39)

Plaintiff argues he has filed a claim for violation of his constitutional rights, not a tort. He further argues he was an inmate working in the kitchen, and that Jane Doe Bobbie was a staff member in charge of supervising inmates. (Doc. 32)

It is Plaintiff's responsibility to provide the Court with an address for proper service on Defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). Plaintiff has not provided the Court with any additional addresses or identifying information to use in serving either Jane Doe Bobbie Kitchen Staff or Casey Bartholomew. After Plaintiff filed his Motion for Default Judgment against

Jane Doe Bobbie Kitchen Staff, he was notified by both Answer and Motion to Dismiss that this Jane Doe Defendant had not been properly served, and had not been identified by Aramark Correctional Services, LLC. This notification occurred in December 2016. Despite filing numerous motions with the Court, Plaintiff did not provide additional information in order to identify and properly serve this Jane Doe Defendant.

Plaintiff also received notification that service on Defendant Casey Bartholomew was not executed in November, 2016. To date, Plaintiff has not provided additional information in order to identify and properly serve this Defendant either.

### IV. CONCLUSION

Accordingly, I recommend that Defendant Jane Doe Bobbie Kitchen Staff's Motions to Dismiss (Docs. 25, 39 ) be **GRANTED**. I further recommend that Defendant Casey Bartholomew be **DISMISSED** as a Defendant in this case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the District court.**

DATED this 10th day of April, 2017.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE